WILLIAM C. WILBUR, JR., AND MARGARET J. WILBUR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilbur v. Commissioner
Docket No. 16447-92
United States Tax Court
T.C. Memo 1993-442; 1993 Tax Ct. Memo LEXIS 453; 66 T.C.M. (CCH) 822; September 21, 1993, Filed *453 Decision will be entered under Rule 155. William C. Wilbur, Jr., and Margaret J. Wilbur, pro se. For respondent: Paul E. Voelker, for respondent. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 28,438 in petitioners' Federal income taxes for 1988, an addition to tax of $ 1,422 under section 6653(a)(1)(A), and an additional amount equal to 50 percent of the interest on $ 28,438 under section 6653(a)(1)(B). Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issues for decision are whether petitioners are taxable on income reported by three entities through which petitioners conducted business; whether petitioners are entitled to deductions beyond those conceded by respondent; whether petitioners are liable for self-employment tax on income reported by the entities; and whether petitioners are liable for the additions to tax for negligence. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by *454 this reference. Petitioners were residents of Placerville, California, at the time their petition was filed. Prior to and including the year in issue, William C. Wilbur, Jr. (petitioner), was engaged in business as a tax consultant, as an enrolled agent before the Internal Revenue Service, and as a real estate agent. Margaret J. Wilbur (Mrs. Wilbur) was engaged in business as a provider of temporary help to other businesses. Prior to 1987 and 1988, petitioners conducted their respective businesses as sole proprietors and reported the income and expenses of those businesses on Schedules C to their individual Federal income tax returns. In 1986 and 1987, petitioners created three entities called Der Ville Advisors (Der Ville), Granite Business Services (Granite), and Far Horizons Trust (Far Horizons) and purported to transfer their business and income-producing activities to those entities. The entity Der Ville was purportedly formed by a document entitled "Declaration of Contract and Indenture of a Common Law Unincorporated Business Organization", dated April 24, 1986. The document states that Der Ville is authorized to exist and function through a board of trustees collectively *455 holding legal and equitable title. Verl K. Speer is listed as the "creator" and petitioner is listed as the "exchanger". The document states that the "creator" appoints Western Managers, Ltd. (Western Managers), as first trustee to be the board of trustees of the organization. Petitioner was the secretary and Mrs. Wilbur was the treasurer of Western Managers. The document states that the trustee will exchange with the "exchanger" the entire beneficial interest of the organization for the following scheduled property: Real property
None
Personal property
1.
$ 100 cash.
2.
Option to acquire client
list and related files to
consulting business.
3.
Option to purchase office
furniture and equipment.
According to an attachment entitled "Capital Unit Transfer Register", the capital units of Der Ville were held as follows: Cert.
No.
Date
Date
No.
Name of Holder
Units
Issued
Canceled
1
William C. Wilbur
100
4-24-85
11-29-86
2
Relay Communications Co.
100
11-29-86
1-5-90
3
Link International
100
1-5-90
--
(The information concerning the second and third certificates and the cancelation of the first and second certificates are handwritten *456 additions to the typewritten document.) There was no consideration for the transfer of capital units from petitioner to Relay Communications Company. The entity Granite was purportedly formed by a document entitled "Declaration of Contract and Indenture of a Common Law Unincorporated Business Organization". The front page of that document states that it is executed on December 30, 1986; however, the signatures are notarized on January 15, 1987. The document states that Granite is authorized to exist and function through a board of trustees collectively holding legal and equitable title. Loren B. Carnahan (Carnahan) is listed as the "creator" and Mrs. Wilbur is listed as the "exchanger". The document states that the "creator" appoints Western Managers as trustee to be the board of trustees of the organization. The document states that the trustee will exchange with the "exchanger" the entire beneficial interest of the organization for $ 100. The entity Far Horizons was purportedly formed by a document titled "Declaration of Contract and Indenture of a Common Law Unincorporated Business Organization". The document is dated November 1986. The document states that Far Horizons *457 is authorized to exist and function through a board of trustees collectively holding legal and equitable title. Carnahan is listed as "creator" and petitioner is listed as the "exchanger". The document states that the "creator" appoints Western Managers as first trustee to be the board of trustees of the organization. The document states that the trustee will exchange with the "exchanger" the entire beneficial interest of the organization for the following scheduled property: Personal property
1.
Cash in the amount of
$ 500.
2.
Personal note of exchanger
in the principal sum of
$ 15,000.
The stated beneficiary of Far Horizons is Link International. Notwithstanding the creation of the three entities and the purported transfer of petitioners' businesses to those entities, operation of the businesses by petitioners continued as it had before execution of the documents. Petitioners maintained total control over the businesses and the bank accounts of the businesses. Income was received from the same sources and expenses were incurred for the same items in substantially the same manner during 1988 as before the entities were formed. On their 1988 joint individual *458 income tax return, petitioners reported wage income of $ 13,500 paid to petitioner by Der Ville and $ 13,000 paid to Mrs. Wilbur by Granite. Petitioners reported a total tax due of $ 381 and claimed a refund of taxes withheld during the year. Der Ville, Granite, and Far Horizons filed Forms 1041, U.S. Fiduciary Income Tax Returns, for 1988. On Schedule C to Der Ville's 1988 return, the principal business of the entity was shown as "Tax Consulting". Der Ville reported gross income of $ 54,892 and expenses of $ 52,958. The return showed Relay Communications Company, P.O. Box 1991, Placerville, California 95667, as the beneficiary of Der Ville. The return was signed by petitioner as "Secretary". Granite's Form 1041 for 1988 reported gross receipts of $ 179,726, cost of labor of $ 145,283, and other expenses of $ 25,614. The beneficiary was shown as Relay Communications Company. The return was signed by petitioner as "Secretary". Far Horizons' Form 1041 reported a loss on its return resulting from a net operating loss carried forward from 1987. The income reported by Far Horizons was received from rent and interest. The return was signed by petitioner as "Secretary". On each *459 of the Forms 1041, a negative answer was given to a question about whether, at any time during the tax year, the entity was a transferor to a foreign trust. In the statutory notice, respondent allocated net income of Der Ville, Granite, and Far Horizons to petitioners. Respondent disallowed various expenses claimed on the returns but subsequently conceded additional expenses. OPINION Petitioners bear the burden of proving that respondent's determinations are erroneous. , affg. . They presented no evidence that they were entitled to deductions beyond those conceded by respondent, and thus none may be allowed. The only witness at trial was petitioner. Mrs. Wilbur did not appear. None of the alleged trustees or other persons involved in the creation of Der Ville, Granite, or Far Horizons was called as a witness. We infer that the testimony of these individuals would not be helpful to petitioners. , affd. . *460 Petitioner presented no credible evidence that any purpose was served by the entities to which petitioners purportedly transferred their business activities prior to 1988. Their claim is based simply on the expediency of drawing up papers to avoid tax on income that they continued to earn, use, and enjoy at their sole discretion. The entities were shams, having no independent existence apart from petitioners, and petitioners are taxable on all of the income reported by those entities. See , affg. ; , affg. ; ; , affg. ; ; , affg. *461 an Order of this Court; , affg. ; , affg. ; , affg. ; ; ; ; , affd. per curiam . Petitioner's testimony, in which he attempted to show differences in operation of the businesses before and after creation of the entities, was circular, in that he merely relied on the paper allegations of change of ownership, and not credible, in that he claimed that income was distributed to other entities or individuals who neither performed services for nor contributed *462 capital to the entities. Petitioner testified, for example, as follows: Q. Can you describe to the Court what Relay Communications Company is? A. Not of my own knowledge, I can't. My understanding is that it was at that time -- and my understanding is, it no longer exists, but my understanding was at that time it was a discretionary trust under Turks & Caicos Islands trust law. Q. It's a Turks and Caicos Islands trust? A. That was my understanding. Q. Now, the 1041 for 1988 for Der Ville Advisors, which is the next exhibit, 4-D, shows the beneficiary -- or, on the K-1 it's Relay Communications Company, but gives a Placerville, California address. A. Yes. Q. Are you certain that that was a Turks & Caicos Islands trust? A. Again, I say that's my understanding. In 1986, when those units were transferred, they were -- this company was recommended, that we could transfer those units there. 'Cause what were seeking to do is, we were seeking to establish a working relationship with a reliable firm in the Turks & Caicos Islands. There were a couple of law firms that had been -- were at various times recommended to us to deal with, and it was recommended to us at the time *463 that Relay Communications was -- would accomplish our goals in doing that. This testimony was contrary to representations concerning transfers to foreign trusts on the Forms 1041 that petitioner signed under oath on behalf of the three entities. Respondent determined that petitioners were liable for self-employment tax on the income reported by the entities. Self-employment tax is imposed on gross income, less deductions, derived by an individual from a trade or business. Secs. 1401, 1402(a). Petitioners are liable for that tax. Petitioners have presented no evidence that they were not negligent in relying on the paper transactions to avoid reporting their net income from business during 1988. They have not identified any persons on whom they purportedly relied. Petitioner, who held himself out as a tax consultant, should have been aware of the many cases, including those cited above, decided prior to 1988 rejecting schemes indistinguishable from the one engaged in by petitioners. Petitioners have not shown that their conduct was reasonable in any respect, and we conclude that it was not reasonable. See *464 The additions to tax for negligence are sustained. To take account of respondent's concessions of deductible expenses, Decision will be entered under Rule 155.